## HEALEY v. BOSTON BATAVIA RUBBER CO.

### (District Court, D. Massachusetts. August 19, 1920.)

### No. 895.

Bankruptcy ⊂⇒140(3)—Contract consigning goods to bankrupt for sale does not pass title.

> A contract made in good faith and in accordance with a custom of the trade, under which defendant consigned automobile tires and tubes to a subsequent bankrupt, a local dealer, for sale, and containing no provision for the purchase of such goods by bankrupt, *held* valid, and to entitle defendant, on insolvency of bankrupt, to retake the goods remaining unsold.

In Equity. Suit by Patrick Healey, trustee in bankruptcy of the Malay-Wilson Company, against the Boston Batavia Rubber Company. Decree for complainant on part of claim.

C. H. Richardson, Joseph B. Jacobs, and Jacobs & Jacobs, all of Boston, Mass., for plaintiff.

Joseph P. Fagan and John W. McAnarney, both of Boston, Mass., for defendant.

MORTON, District Judge. This suit is to recover about $1,900 worth of automobile tires and tubes, which were retaken by the defendant from the bankrupt on November 11, 1915, at Waterbury, Conn.; the plaintiff alleging that such action, which was done with the assent of the bankrupt, constituted a recoverable preference. The facts are as follows:

The bankrupt corporation was organized in the spring of 1915 to carry on the business of dealing in tires and automobile accessories at Waterbury, Conn. It is a Connecticut corporation, and was adjudicated bankrupt in that district on December 6, 1915, on an involuntary petition filed November 22, 1915. On November 12, 1915, its store was attached on mesne process and was closed by the sheriff. That ended the business. The tires in question were removed on the preceding day, before any attachment, and before the petition was filed.

The defendant was one of the petitioning creditors in the bankruptcy proceedings, and alleged in the petition that the Malay-Wilson Company was insolvent on October 30, 1915. The defendant cannot be

---

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

heard to deny the statement which it then made under oath, and, if it could, the facts show clearly that at the time here in question the Malay-Wilson Company was deeply and hopelessly insolvent, and that the defendant had reasonable cause to believe that to be the fact. The real ground of defense is that the goods retaken were the property of the defendant, and that it had the right to retake them as it did.

The defendant was the general distributing agent for Batavia tires and Genesee tires. Under date of April 7, 1915, it made a written contract with the bankrupt whereby it constituted the latter a distributor of those tires in a certain district. This contract expressly provided that the Batavia tires and tubes would not be sold to the Malay-Wilson Company, but would be consigned to it. The Genesee tires were to be sold to it outright.

In accordance with this contract the defendant kept on its books two accounts with the bankrupt—one in the usual form, which included only Genesee tires and tubes; the other, headed "Consignment Account," included all Batavia tires and tubes. The understanding was that, when the bankrupt sold any of these latter goods, it would report such sale to the defendant, which thereupon credited the consignment account of the bankrupt with the amount so reported. Payment for consigned goods so sold became due on the 10th of the following month and was subject to a discount of 5 per cent. for prompt payment.

There does not appear to have been any obligation on the bankrupt to buy the consigned goods. On two occasions the defendant ordered the bankrupt to turn over consigned goods in its possession to other persons for the defendant's account, and both orders were obeyed; the bankrupt's consignment account being in each instance credited with the amount of goods so delivered. The bankrupt did not keep, and was not expected by the defendant to keep, the moneys received from the sale of consigned goods in a separate account. The defendant knew that it mingled them with its general funds. The arrangement described was made and carried out in entire good faith.

The trustee contends that it amounted to an unrecorded conditional sale, as to which, by the law of Connecticut, the condition may be disregarded by attaching creditors of the vendee. Gen. Stats. of Conn. 1902, c. 285, §§ 4864, 4865; Acts 1905, c. 113. But the foundation of a sale is an understanding that the goods were bought and sold. Unless there was, either in form or in fact, an obligation on the part of the Malay-Wilson Company to buy the goods consigned to it, the transaction was not a sale. No such obligation is shown by the evidence. The case seems to me purely one of consignment, both in form and in substance, made in good faith. In re Aronson (D. C.) 40 Am. Bankr. Rep. 177, 179, 245 Fed. 207.

"While consignment agreements are permitted and upheld under the law of Connecticut, the main question at issue always is: Was the agreement entered into by the parties in good faith?" Thomas, J., In re Cozatsky, 216 Fed. 920, 926 (Dist. Ct. Conn.).

It follows that, as to the Batavia tires and tubes, the defendant was within its rights in retaking them, and it is unnecessary to pass upon the other questions raised by the defendant.

In the late summer or early autumn the bankrupt's payments to the defendant became unsatisfactory, and it was understood between them that on and after October 1, 1915, no more goods would be sold to it, and that all goods—Genesee, as well as Batavia—would be consigned. There seems to be no doubt that this new arrangement also was made in good faith, and I see nothing illegal or unenforceable about it. Delivery of goods on consignment is a legal method of doing business and has a legitimate and useful place. It is not prohibited by Connecticut law. The consignment of tires to local agents for sale appears to have been customary in the tire trade, and not to have been in any respect fraudulent in this case.

The Genesee tires, consigned to the bankrupt after October 1st, remained the property of the defendant, and were rightfully retaken by it.

Some of the tires retaken were Genesee goods which had been sold prior to October 1st. These the defendant had no right to retake. The plaintiff is entitled to a decree covering such tires and tubes. If the parties cannot agree on the amount, the case must go to a master to state it.